UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY E. WHITFIELD, JR.**                                                                    **PLAINTIFF**

**v.**                                                                    **CIVIL CASE 3:17-cv-987-HSO-JCG**

**MISSISSIPPI BUREAU OF**                                                **DEFENDANT**
**NARCOTICS**

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION [2] TO PROCEED *IN FORMA PAUPERIS* BE DENIED

BEFORE THE COURT is *pro se* Plaintiff Larry E. Whitfield, Jr.'s Application to Proceed *in forma pauperis*. (ECF No. 2). The undersigned recommends that Plaintiff's Application be denied and that Plaintiff be directed to pay both the $350 filing fee and $50 administrative fee associated with filing this lawsuit.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, filed his 42 U.S.C. § 1983 Complaint (ECF No. 1) on December 7, 2017. The lawsuit arises from Plaintiff's arrest on an undisclosed date. Plaintiff alleges that this arrest was made by the Defendant Mississippi Bureau of Narcotics. Plaintiff claims that he was assaulted and "choked unconscious." (ECF No. 4). Plaintiff submits that the "charges were dropped but yet he served out his charges as time served without going before [a] judge." *Id*.

### II. DISCUSSION

A. <u>Relevant legal authority</u>

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of costs or security thereof . . . ." 28 U.S.C. § 1915(a)(1). "Section 1915(a) is intended to

provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988). The Court "has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915." *Flowers v. Turbine Support Div.,* 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds as recognized in Thompson v. Drewry,* 138 F.3d 984, 985-86 (5th Cir. 1998). "Whether a party may proceed IFP in the district court is based solely upon economic criteria." *Bell v. Children's Protective Servs.,* 506 F. App'x 327, 327 (5th Cir. 2013) (citing *Watson v. Ault,* 525 F.2d 886, 891 (5th Cir. 1976)). "Poverty sufficient to qualify does not require absolute destitution." *Id.* (citing *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948)). "The central question is whether the movant can afford the costs without undue hardship or deprivation of the necessities of life." *Id.* (citing *Adkins,* 335 U.S. at 339-40).

The Court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause undue hardship. *Prows,* 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

This Court and others have used the United States Department of Health & Human Services' annual Federal Poverty Guidelines to assess whether a plaintiff's income exceeds the poverty level. *Young v. Citi Mortg., Inc.,* No. 3:13cv836-DCB-MTP, 2014 WL 1883675, *2 (S.D. Miss. May 12, 2014)(collecting cases). The current poverty guideline for a two-person household is $16,240.00 in annual income. Annual Update of the HHS Poverty Guidelines, 82 Fed.Reg. 8831-03, 2017 WL 395763 (Jan. 31, 2017).

B.  <u>Plaintiff's Application to Proceed *In Forma Pauperis* should be denied</u>

Plaintiff's Application reflects that his income is $11,320.31 per month. (ECF No.

2, at 2). Plaintiff has one dependent. Plaintiff expects no change in his income during the next twelve months. Plaintiff reports no monthly expenses. According to his Application, Plaintiff's annual income is $135,843.72, which places his household far above the poverty guideline. Plaintiff's Application indicates that he is financially able to pay the applicable filing without undue hardship or deprivation of the necessities of life.

Plaintiff is advised that it is his responsibility to prosecute this case and that the case cannot proceed until Defendant has been served with a summons and a copy of the Complaint. It is Plaintiff's responsibility to prepare the summons to be served on Defendant and to present the prepared summons to the Clerk of Court for issuance. Fed. R. Civ. P. 4(b). A plaintiff who is not proceeding *in forma pauperis* is responsible for service of process. A form to request waiver of service can be found in Federal Rule of Civil Procedure 4.

Plaintiff is cautioned that this case may be dismissed without prejudice if Defendant "is not served within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). Failure of Plaintiff to keep the Court apprised of his current address may also result in dismissal of this case without prejudice and without further notice to Plaintiff.

### III. RECOMMENDATION

It is the recommendation of the undersigned Magistrate Judge that:

1. Plaintiff's Application [2] to Proceed *in forma pauperis* be **DENIED** and that Plaintiff be required to pay both the $350 filing fee and $50 administrative fee; and

2. Should Plaintiff fail to timely pay these fees, this matter be dismissed without

prejudice.

## IV. NOTICE OF RIGHT TO OBJECT/APPEAL

Pursuant to 28 U.S.C. § 636(b)(1) and Local Uniform Civil Rule 72(a)(1), any party who desires to object to this Report and Recommendation must serve and file written objections "[w]ithin fourteen days after being served with a copy." 28 U.S.C. § 636(b)(1)(C). "Objections must be filed and served upon the other party or parties . . . ." L.U.Civ.R. 72(a)(1)(A). The District Judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "No ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate's ruling is clearly erroneous or contrary to law." L.U.Civ.R. 72(a)(1)(B).

A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. If Plaintiff does not file objections to this Report and Recommendation, he will be barred from a *de novo* determination by the District Judge. Additionally, if Plaintiff does not file objections to this Report and Recommendation, he will be barred, except on grounds of plain error, from attacking on appeal the proposed findings and recommendations that have been accepted by the District Judge and for which there is no written objection. *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996)(*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at his address of record by certified mail, return receipt requested.

**THIS**, the 9th day of January, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE