IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LARRY E. WHITFIELD, JR.**                                                                                            **PLAINTIFFS**

**VS.**                                                          **CIVIL ACTION NO.: 3:17-cv-987-HSO-JCG**

**MISSISSIPPI BUREAU OF
NARCOTICS et al.**                                                                                                    **DEFENDANTS**

**DEPUTY JUAN CHAPA'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGEMENT ON THE PLEADINGS**

Comes now, Deputy Juan Chapa, in his individual and official capacities, by and through counsel, and submits this Reply to Plaintiff's Response (*CM/ECF Doc. No. 42*) to Motion for Judgment on the Pleadings as follows:

**INTRODUCTION**

According to Plaintiff's Complaint and Amended Complaint, this matter arises out of his arrest by the Mississippi Bureau of Narcotics ("MBN"). *CM/ECF Doc. No. 1*; *CM/ECF Doc. No. 17*. More specifically, Plaintiff contends that MBN Officer Rice pulled him over because he swerved to avoid a pothole. *Id.* After being pulled over, Plaintiff gave Officer Rice consent to search and within moments of the search, he was purportedly being attacked by MBN Officer Rice. *Id.* Plaintiff further alleges that a K-9 officer, now identified as Hinds County Deputy Juan Chapa, arrived on the scene. *Id.*

Plaintiff alleges Deputy Chapa pulled his sidearm and pointed it at Plaintiff while shouting that he was going to shoot him. *Id.* Plaintiff further contends that after being handcuffed, Officer Rice stepped on the back of his neck making him lose consciousness. *Id.*

On June 13, 2018, Deputy Chapa filed a Motion for Judgment on the Pleadings arguing the claims against him in both his individual and official capacities were due to be dismissed. *See CM/ECF Doc No. 38-39.* In particular, Deputy Chapa argued that Plaintiff's claims of torture, abuse, unjust imprisonment, deprivation of his home, and violation of his human rights failed to demonstrate a constitutional violation. *Id*. The basis for Plaintiff's claims is that Deputy Chapa's drew a weapon on him and verbally threatened him. *Id.*

Deputy Chapa's Motion argued that well-established case law demonstrates that brandishing of a weapon and verbal threats do not rise to the level of a constitutional violation. *Id*. Further, Plaintiff has failed to prove Deputy Chapa's actions were not objectively reasonable under the circumstances.

On August 1, 2018, Plaintiff filed a Response to Deputy Chapa's Motion for Judgment on the Pleadings. *CM/ECF Doc No. 42.* Plaintiff's clarification of his arrest asserts no additional claims and further beleaguers the point a constitutional violation did not occur. *Id*.

**LEGAL ARGUMENT**

I. **INDIVIDUAL CAPACITY CLAIMS**

Plaintiff's Response fails to state a constitutional deprivation and further emphasizes the point that Deputy Chapa acted objectively reasonable. *CM/ECF Doc No. 42.* Deputy Chapa is entitled to qualified immunity as Plaintiff has failed to establish a violation of a constitutional right. *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001); *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). In his Response, Plaintiff

2

attempts to explain, in further detail, the events that occurred during his arrest. *CM/ECF Doc No. 42.* Plaintiff states that Deputy Chapa was not the officer that pulled him over but arrived later to the scene. *Id*. After Plaintiff consented to a search of his vehicle, drug paraphernalia was found inside the same. *Id*. Plaintiff avers that Officers assumed he had drugs in his mouth. *Id*. When Deputy Chapa requested Plaintiff open his mouth to search, Plaintiff declined. *Id*. Plaintiff contends Deputy Rice grabbed his throat and Deputy Chapa brandished his firearm at Plaintiff shouting he would "shoot [him] in the face." *Id*. Plaintiff contends Deputy Chapa continued to point the firearm at him for some time as he faded in and out of consciousness. *Id*.

    Plaintiff's Response clarifies that the only factual allegations as to Deputy Chapa are that he pulled his sidearm and threated to shoot Plaintiff. *Id*. As this Court is well aware, it is well-settled that verbal threats do not give rise to constitutional liability. See *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)("It is clear that verbal abuse ... does not give rise to a cause of action under § 1983"); see also *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)(holding that claims of verbal abuse and harassment are not actionable under § 1983). Similarly, merely pointing a weapon at a person is insufficient to state a claim under Section 1983. *Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1230 (5th Cir. 1988)(only harm occasioned by Jones' pointing his gun was the immediate emotional distress of Plaintiff being the target of the gun point and was insufficient to amount to excessive force); *Jones v. Caldwell Corr. Ctr.*, No. 3:16-CV-1235, 2016 WL 7241567, at *2 (W.D. La. Oct. 24, 2016), report and recommendation adopted, No. CV 3:16-1235, 2016 WL 7240165 (W.D. La. Dec. 14, 2016)("The Circuit has held in other

3

contexts…that the brandishing of a gun by a law enforcement officer, by itself, is insufficient to state a claim of excessive force or violation of any constitutional right.")(citation omitted).

In addition, Deputy Chapa is still entitled to qualified immunity if his conduct was objectively reasonable under the circumstances, *i.e.* the constitutional right was not clearly established. For a right to be clearly established the "contours of that right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Bishop v. Arcuri*, 674 F.3d 456, 466 (5th Cir. 2012). While giving even more latitude to law enforcement officers, the Supreme Court explained, in a very recent opinion that officers "are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, No. 17-467, slip op. at 5, 584 U.S. ___ (2018). Thus, Deputy Chapa's conduct in this case is objectively reasonable unless "***all*** reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution." *Thompson v. Upshur Cty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)(emphasis added); see also *Wernecke v. Garcia*, 591 F.3d 386, 393 (5th Cir. 2009)(Officials should receive the protection of qualified immunity "unless the law is clear in the more particularized sense that reasonable officials should be 'on notice that their conduct is unlawful.'")(quoting *Saucier*, 533 U.S. at 206, 121 S. Ct. 2151)).

Here, Plaintiff has failed to allege a constitutional violation by Deputy Chapa. On the contrary, Plaintiff has alleged that Deputy Chapa only verbally threatened and brandished a weapon at him. *CM/ECF Doc No. 42*. This conduct does not rise to the

4

level of a constitutional violation. *Id.* Furthermore, Deputy Chapa is also cloaked in immunity as his conduct was objectively reasonable under the circumstances. *See Kisela,* No. 17-467, slip op. at 5; Assuming, *arguendo*, that Plaintiff's claims are taken as true, Plaintiff admits that he refused to allow Deputy Chapa to search his mouth once probable cause existed for a search as Officers found drug paraphernalia in his vehicle and believed they saw drugs in his mouth. *CM/ECF Doc No. 42; See Ybarra v. Illinois*, 444 U.S. 85, 91(1979)(where a search or seizure of a person must be supported by probable cause particularized with respect to that person); Deputy Chapa's actions were reasonable under the circumstances since Plaintiff refused to comply with his orders; further there is no precedent that distinguishes Chapa's action as unreasonable.

**II.   OFFICIAL CAPACITY CLAIMS**

It is unclear as to whether Plaintiff is asserting claims against Deputy Chapa in his official capacity; however, to the extent that is the case, the same should be dismissed. To establish liability against Hinds County via an official capacity claim against Deputy Chapa, Plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *See Rivera v. Houston Indep. Sch. Dist*, 349 F.3d 244, 247-249 (5th Cir. 2003). "Proof of an official policy or custom can be shown in several ways, including: (1) formally adopted policies; (2) informal customs or practices; (3) a custom or policy of inadequate training, supervision, discipline, screening, or hiring; or (4) a single act by an official with final policymaking authority." *Thomas v. Prevou,* 2008 WL 111293, *3 (S.D. Miss. 2008)(citing

*Monell v. City of New York Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Snow v. City of El Paso, Texas*, 501 F. Supp. 2d 826, 831 (W.D. Tex. 2006)).

Here, Plaintiff has failed to establish an underlying constitutional liability which is fatal to any claim against the County. *Becerra v. Asher*, 105 F.3d 1042, 1048 (5th Cir. 1997)(holding that a constitutional violation is an essential element in a 1983 claim against a municipality). In addition, Plaintiff has failed to allege a policy, practice or custom of the County which was the "moving force" behind any constitutional violation.

## CONCLUSION

For all of the reasons outlined herein, Deputy Juan Chapa is entitled to dismissal of all claims asserted against him in both his individual and official capacities.

**DATE:** **August 7, 2018.**

                Respectfully submitted,

                **DEPUTY JUAN CHAPA**

                By:    */s/William R. Allen*
                        One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
JESSICA S. MALONE (MSB #102826)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602
Tel: 601-833-4361
Fax: 601-833-6647
wallen@aabalegal.com
jmalone@aabalegl.com

## **CERTIFICATE**

I, the undersigned, of Allen, Allen, Breeland & Allen, PLLC, attorneys of record for Defendant, Deputy Juan Chapa, hereby certify that I have filed this Reply to Plaintiff's Response to Motion for Judgment on the Pleadings using the ECF system which gave notice to the following ECF participant:

>Douglas T. Miracle, Esq.
>Mississippi Attorney General's Office
>P.O. Box 220
>Jackson, MS  39201
>dmira@ago.state.ms.us
>>*Attorney for Mississippi Bureau of Narcotics*

and certify that on this day, I have mailed, postage prepaid, a true and correct copy of the above and foregoing to the following Non-ECF participant:

>Larry E. Whitfield, Jr.
>106 Belle Street
>Crystal Springs, MS  39059
>>*Pro Se Plaintiff*

This the 7th day of August, 2018.

>>>>>*/s/William R. Allen*
>>>>>OF COUNSEL