IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **LARRY E. WHITFIELD, JR.** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 3:17cv987-HSO-JCG |
| | § | |
| **MISSISSIPPI BUREAU OF NARCOTICS; OFFICER D. RICE,** *Mississippi Bureau of Narcotics*; **AND OFFICER JUAN CHAPA,** *Hinds County Sheriff's Department* | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT OFFICER JUAN CHAPA'S MOTION [38] FOR JUDGMENT ON THE PLEADINGS; DISMISSING PLAINTIFF LARRY E. WHITFIELD, JR.'S CLAIMS AGAINST DEFENDANT OFFICER JAUN CHAPA IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES WITH PREJUDICE; DENYING PLAINTIFF LARRY E. WHITFIELD, JR.'S MOTIONS [34] [35] [47] [48] [51] TO AMEND; GRANTING DEFENDANT OFFICER D. RICE'S MOTION [45] TO STRIKE DOCUMENT [44]; AND STRIKING DOCUMENT [44]**

BEFORE THE COURT are Defendant Juan Chapa's Motion [38] for Judgment on the Pleadings; Plaintiff Larry E. Whitfield, Jr.'s Motions [34] [35] [47] [48] [51] to Amend; and Defendant Officer D. Rice's Motion [45] to Strike Document [44]. This suit arises out of a traffic stop conducted by Defendants, Officer D. Rice and Officer Juan Chapa, following which Plaintiff was charged with possession of drug paraphernalia. Plaintiff Larry E. Whitfield, Jr. alleges that during this traffic

1

stop Defendant Juan Chapa pulled a firearm and held it close to his face while repeatedly shouting that he would shoot him, and that when he refused to allow Defendants to conduct a cavity search, Defendant Officer D. Rice attacked him, placed him in a chokehold causing him to lose consciousness, and stepped on the back of his neck.

After due consideration of the record, Defendant's Motion, and relevant legal authority, the Court is of the opinion that Defendant Officer Juan Chapa's Motion [38] should be granted and that Plaintiff Larry E. Whitfield Jr.'s claims against Defendant Officer Juan D. Chapa in his individual and official capacities should be dismissed. The Court further finds that Plaintiff Whitfield's Motions [34] [35] [47] [48] [51] to Amend should be denied without prejudice. **Plaintiff will, however, be allowed to refile a motion to amend and submit a single proposed amended complaint, stating all of his claims in one pleading, within thirty (30) days of entry of this Order.** Finally, the Court finds that Defendant Officer D. Rice's Motion [45] to Strike Document [44] should be granted in light of the Court's Order permitting Plaintiff an opportunity to amend his pleadings. Document [44] will be stricken.

## I. BACKGROUND

On December 7, 2017, Plaintiff Larry E. Whitfield, Jr. ("Whitfield" or "Plaintiff") filed a pro se Complaint [1] in this Court pursuant to 42 U.S.C. § 1983, naming the Mississippi Bureau of Narcotics ("MBN") as the sole Defendant. Compl. [1] at 1. Without any explanation or setting forth any facts, Whitfield alleged that

he was deprived of his right to a trial, endured torture and abuse, and was unjustly imprisoned, including being placed in solitary confinement. *Id*. at 2. The Complaint sought monetary damages for pain and suffering and lost wages. *Id*.

On February 7, 2018, Whitfield filed an Attachment to the Complaint, purporting to add further factual allegations in support of his claims. Attach. [10] to Compl. Whitfield claimed that he was pulled over by the MBN while driving in Jackson, Mississippi, on June 28, 2017, and was arrested, placed in custody "of a Sheriff Law Officer," and transported to the Hinds County Detention Center. *Id*. Whitfield subsequently sought permission to proceed in forma pauperis, at which point the Magistrate Judge required him to answer a Questionnaire. On March 29, 2018, Whitfield answered the Magistrate Judge's Questionnaire and clarified his claims. Pl.'s Resp. [17].

In an Order [26] dated April 27, 2018, the Magistrate Judge construed the arguments, assertions, and legal bases presented in Whitfield's Response [17] to the Questionnaire as an amendment to his Complaint, Order [26] at 1, and ordered that MBN Officer D. Rice ("Rice") and MBN Officer Unknown be added as Defendants, Order [26] at 1-2. On May 15, 2018, the MBN responded to the Magistrate's Order [26] indicating that it was unable to execute a waiver for MBN Officer Unknown because he was not employed by the MBN; however, it identified the Officer Unknown as "Juan Chapa, Hinds County Sherriff's Department." Resp. [29] to Order [26]. The Court then added Officer Juan Chapa as a Defendant.

According to Whitfield's Questionnaire [17], Officer Rice pulled him over after

3

he swerved to miss a pothole. Plaintiff then consented to a search of his vehicle, during which Officer Rice discovered drug paraphernalia. Pl.'s Resp. to Questionnaire [17] at 2. Although Plaintiff was not under arrest, Officer Rice allegedly gave Officer Chapa permission to perform a cavity search, but Whitfield refused the Officers' request for consent to search him. *Id.* at 3. Officer Rice then allegedly "attacked him" and put "his hands around his throat." *Id.* After losing and then regaining consciousness, Whitfield alleges that Officer Chapa placed a firearm to his head and repeatedly threatened to shoot him. *Id.* Whitfield was placed under arrest, and while he was lying on his stomach, Officer Rice "stepped on the back of [Whitfield's] neck applying pressure." *Id.* Whitfield was booked and charged with possession of drug paraphernalia.

This Court previously granted the MBN's Motion [21] to Dismiss for Lack of Subject Matter Jurisdiction and, in the Alternative, Failure to State a Claim, and dismissed Whitfield's claims against the MBN for lack of subject-matter jurisdiction. Order [32]. Officer Chapa has now filed a Motion [38] for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Officer Chapa argues that he is entitled to qualified immunity as to Plaintiff's individual capacity claims against him, and that Whitfield has failed to state a claim against him in his official capacity. Motion [38]; Pl's Mem. in Support [39].

Whitfield has filed many documents which all appear in some fashion to attempt to add claims to the Complaint [1]. First, Whitfield filed Document [34] to amend his Complaint "as a matter of right," to add a claim of punitive damages.

Subsequently, Whitfield filed numerous other Motions [35] [47] [48] [51]. Additionally, Whitfield filed Document [44] entitled "Pleadings," which the Clerk filed as a Rebuttal [44] to Officer Chapa's Motion [38] for Judgment on the Pleadings. In response to Document [44], Officer Rice filed a Motion [45] to Strike Document [44], arguing that it should be stricken because Whitfield failed to seek leave of Court to amend his Complaint.

## II. DISCUSSION

A. <u>Plaintiff's Motions [34] [35] [47] [48] [51] to Amend should be denied without prejudice.</u>

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course within either twenty-one days after serving the pleading or within twenty-one days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). In any other instance, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts, however, freely give leave to amend a complaint "when justice so requires." *Id.* In exercising its discretion to grant or deny leave to amend, a court may consider whether the party seeking leave is doing so after undue delay, in bad faith, or for a dilatory motive. *See Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Futility means "that the amended complaint would fail to state a claim upon which relief could be granted." *Id.* To determine futility, the court "appl[ies] the same standard of legal sufficiency as applies under Rule

5

12(b)(6)." *Id.*

Whitfield filed his Complaint [1] on December 7, 2017. Two months later, on February 7, 2018, he submitted Document [10], entitled "Attachment." Despite that Document's title, it purports to elaborate on the factual allegations in the Complaint [1] and was filed a full two months afterwards. Because Defendants had not yet been served, the Court is of the opinion that this "Attachment [10]" constituted an amendment to the Complaint [1] as a matter of course. *See* Fed. R. Civ. P. 15(a)(1).

A party may amend its pleading only "once as a matter of course." *Id.* Nevertheless, on May 24, 2018, Whitfield filed another Document [34] seeking to amend "as a matter of right." Although Whitfield filed this document within twenty-one days after service of process upon Officers Rice and Chapa, Whitfield was not entitled to amend his Complaint [1] a second time as a matter of course. *See* Fed. R. Civ. P. 15; *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983) ("[W]here some but not all defendants have answered, plaintiff may amend as of course claims asserted solely against the non-answering defendants."). As such, the Clerk properly docketed this Document as a Motion [34] to Amend.

In addition to this Motion [34] to Amend, Whitfield has filed numerous other Documents [35] [47] [48] [51] purporting to assert new facts or causes of action, or seeking leave of Court to amend. Some documents are styled as Motions to Amend or specifically request an amendment. *See, e.g.*, Mot. [35]. Others are styled as new pleadings and appear to be submitted pursuant to Federal Rule of Civil Procedure 15(a)(1) as a matter of course and without first seeking leave of Court. *See, e.g.*,

6

[48]. The majority of these documents plead no new facts but list only criminal statutes, the Restatement of Torts, or the numbers of certain Constitutional Amendments. *See* [48] [51-1].

The Court is cognizant that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In this instance, given the sheer number of documents submitted by Whitfield and for the purpose of clarity of the record, the Court will deny these Motions without prejudice, but will permit Whitfield thirty (30) days from the date of this Order in which to file a motion to amend his Complaint, and attach a single proposed amended complaint stating all of his claims in one pleading. *See* L.U. Civ. R. 7(b)(2) ("If leave of court is required under Fed. R. Civ. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading."). **Plaintiff is cautioned that he must do more than provide the Court with a list of causes of action, and that his proposed amended complaint must state in one document all facts and causes of action he wishes to assert in this case. Plaintiff is further cautioned that additional amendments may not be permitted by the Court.**

In light of the foregoing, the Court will deny Plaintiff's Motions [34] [35] [47] [48] [51] without prejudice. Any arguments raised in Officers Rice's and Chapa's Responses [49] [52] to these Motions may be reurged once Whitfield files a motion to amend. The Court will defer consideration of these arguments until that time.

B. <u>Defendant Officer D. Rice's Motion [45] to Strike Plaintiff's Document [44] should be granted.</u>

Officer Rice has filed a Motion [45] to Strike Document [44], which Officer

Chapa has joined. Joinder in Doc. [50]. Document [44], filed as a "Rebuttal" to Officer Chapa's Motion [38] for Judgment on the Pleadings, is entitled "Pleadings," and appears to seek to add new causes of action against Defendants. Pl.'s Doc. [44]. Officer Rice argues that this document should be stricken because Whitfield did not request leave of Court or obtain the opposing parties' written consent to amend his Complaint [1]. Mot. [45] to Strike. Officer Rice also contends that Whitfield's attempt to amend the Complaint [1] with respect to the cited criminal statutes is futile since these statutes do not allow for a private cause of action. Mem. in Support [46] at 2 n.2. For the reasons stated by Officer Rice, and in light of the Court's Order providing Plaintiff thirty (30) days in which to file a motion to amend, the Court will grant the Motion [45] to Strike Document [44] and it will be stricken.

C. <u>Defendant Officer Juan Chapa's Motion [38] for Judgment on the Pleadings should be granted.</u>

1. <u>The parties' arguments</u>

Officer Chapa argues that Plaintiff's claims against him are barred by qualified immunity because Plaintiff has failed to meet the heightened pleading standard required to assert claims against public officials in their individual capacities, and that it is well established that neither verbal threats nor brandishing a firearm give rise to constitutional liability. Def.'s Mem. [39]. Officer Chapa contends that to the extent Whitfield is asserting claims against him in his official capacity, such claims should be dismissed because Whitfield has failed to establish a constitutional violation or identify any policy, practice, or custom of the County that was the moving force behind any constitutional violation. *Id*. at 8-9.

8

Plaintiff has responded, reiterating and clarifying the facts of his case. Regarding Officer Chapa, Whitfield states only that he "pulled his fire arm [and] began shouting [that he would] shoot [Whitfield] in the face many times." Pl.'s Resp. [42]. Officer Chapa has submitted a Reply [43] noting that Whitfield's Response [42] asserts no additional claims against him, and that he is entitled to dismissal.

2. Standard of review

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after a response has been filed and the pleadings have closed. Fed. R. Civ. P. 12(c). "A motion under Rule 12(c) for failure to state a claim is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209-10 (5th Cir. 2010).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

9

In deciding whether a complaint states a valid claim for relief, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). However, the Court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Although pleadings drafted by pro se plaintiffs are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

In determining whether to grant a motion to dismiss, a district court generally may not "go outside the complaint." *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). However, where a plaintiff is proceeding pro se, a district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

> 3. <u>Defendant Juan Chapa's Motion [38] for Judgment on the Pleadings should be granted as to Plaintiff's claims against him in his individual capacity.</u>
>
>    a. <u>Section 1983 and qualified immunity</u>

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

10

shall be liable to the party injured.

42 U.S.C. §1983.

Qualified immunity protects governmental officials from individual liability "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010). "[Q]ualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Courts apply a two-step analysis to claims of qualified immunity. First, the Court must determine whether the plaintiff has alleged a violation of a constitutional or statutory right. *Anderson v. Valdez*, 845 F.3d 580, 599-600 (5th Cir. 2016). If a violation is properly alleged, the Court then considers "whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare v. City of Corinth*, 135 F.3d 320, 326 (5th Cir. 1998); *see Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (finding that qualified immunity shields government officials provided "their actions could reasonably have been thought consistent with the rights they are alleged to have violated.").

To allege a constitutional violation means "that the plaintiff has stated a claim upon which relief may be granted." *Morgan v. Swanson*, 659 F.3d 359, 384 (5th Cir. 2011). A right is clearly established where it is "sufficiently clear that a reasonable official" would comprehend his actions violate that right. *Valdez*, 845

11

F.3d at 600 (quotation removed). "[I]n the light of pre-existing law the unlawfulness must be apparent." *Creighton*, 483 U.S. at 640 (1987).

In the Fifth Circuit, to survive a motion to dismiss a Section 1983 claim against an individual, a plaintiff must allege the particular facts that form the basis of his claim; this includes those facts which prevent the individual defendant from successfully asserting qualified immunity. *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994-95 (5th Cir. 1995). "Heightened pleading in qualified immunity cases requires that plaintiffs rest their complaint on more than conclusions alone and plead their case with precision and factual specificity." *Nunez v. Simms*, 341 F.3d 385, 388 (5th Cir. 2003). A plaintiff must allege facts that focus specifically on the conduct of the individual defendant who caused that plaintiff's injury. *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

    b. <u>Plaintiff's individual capacity claims against Defendant Chapa</u>

Officer Chapa asserts that he is entitled to qualified immunity on Whitfield's individual capacity claims against him. Mot. [38]; Def.'s Mem. in Support [39]. Construing Whitfield's Complaint liberally, he alleges that Officer Chapa violated his Fourth Amendment right against being subjected to excessive force. The only conduct that Whitfield alleges Officer Chapa engaged in is that Officer Chapa waived a gun in Whitfield's face and repeatedly shouted that he would shoot Whitfield. Pl.'s Resp. to Questionnaire [17] at 3. Officer Chapa argues that because neither verbal threats alone, nor pointing a weapon at a person, give rise to constitutional liability, Whitfield has not shown that he violated a statutory or

constitutional right. Def.'s Reply [43] at 3-4. Officer Chapa also contends that Whitfield has failed to allege any facts tending to show that Officer Chapa's conduct was not objectively reasonable under the circumstances. Def.'s Mem. in Support [39] at 6.

The Fourth Amendment governs claims of excessive use of force during an arrest. *See Graham v. Conner*, 490 U.S. 386, 394 (1989). In order to state a claim for excessive force in violation of the Constitution, a plaintiff must allege (1) an "injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993). The injury necessary to establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances. *Ikerd v. Blair*, 101 F.3d 430, 434-35 (5th Cir. 1996). The injury must be more than de minimis, "evaluated in the context in which the force was deployed." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

Under current Fifth Circuit precedent, an injury may be physical or psychological. *See Dunn v. Denk*, 79 F.3d 401, 403-04 (5th Cir. 1995) (en banc) (noting that a claim for excessive force may be satisfied by an alleged physical or psychological injury); *see also Hinojosa v. City of Terrell, Tex.*, 834 F.2d 1223, 1230-31 (5th Cir. 1988) (declining to reach whether "some type of physical injury will in every instance be necessary for section 1983 liability in a use of excessive force" but noting that temporary emotional distress from an officer pointing a gun at a

plaintiff was likely insufficient to support a jury's verdict for the plaintiff). While Whitfield has pled some indicia of physical injury as a result of Officer Rice's alleged conduct, he has not alleged any injury, physical, psychological, or otherwise, that he suffered as a result of Officer Chapa pointing a gun at his face and repeatedly shouting that he would shoot him. *See id.*; Compl. [1]; Pl.'s Resp. to Questionnaire [17]. Even assuming this conduct may have caused some unstated, temporary emotional injury, the Fifth Circuit has found this likely insufficient to support an excessive force claim. *See Hinojosa*, 834 F.3d at 1230-31. Whitfield has failed to allege that Officer Chapa violated a clearly established constitutional or statutory right.

Additionally, Whitfield has not pled "facts sufficient to overcome the officer's qualified immunity defense." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 621 (5th Cir. 1992). He has not pled any facts regarding his own behavior or what prompted Officer Chapa to draw his weapon. *See id.* (finding a failure to meet the heightened pleading standard where a plaintiff did not plead "any facts regarding his own conduct during the incident" or "any other factors relating to the circumstances leading to and surrounding his arrest and the other actions surrounding his arrest"). For this reason, Whitfield has failed to plead specific facts sufficient to overcome Officer Chapa's qualified immunity.

While "[d]ismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified," *Jacquez v. R.K. Procunier*, 801 F.3d 729, 792 (5th Cir. 1986), Whitfield has had numerous opportunities to state his claims

14

both through a series of purported amendments and directly in response to Officer Chapa's Motion [38] asserting qualified immunity, all of which this Court has considered. Whitfield submitted an "Attachment" [10] to his Complaint, clarified his claims in his Response [17] to the Magistrate Judge's Questionnaire and in Response [42] to the present Motion, and has sought leave from this Court numerous times to add to his Complaint [1], attaching many proposed amendments. *See* Motions [34] [35] [44] [47] [48] [51]; Def.'s Resp. [42]. The Court has considered all of these submission in resolving Officer Chapa's Motion. Having filed numerous documents with this Court, it is evident that Whitfield has pled his best case against Officer Chapa. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) ("[I]f a complaint alleges the plaintiff's best case, there is no need to remand for further factual statement from the plaintiff.").

Moreover, based on all of the facts alleged in each of Whitfield's Motions [34] [35] [44] [47] [48] [51], he has still failed to plead a constitutional violation or facts sufficient to overcome Officer Chapa's qualified immunity. *See Jacquez*, 801 F.3d at 792. "[I]f the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue to amend or supplement their pleading until they stumble upon a formula that carries them over the threshold. Such a protracted process is likely to disrupt public officials from their duties." *Id.* Because Whitfield has pled his best case, has not alleged a constitutional violation, and has not pled facts sufficient to overcome Officer Chapa's qualified immunity, Officer Chapa is entitled to qualified immunity and the Court will dismiss Whitfield's individual

15

capacity claims against him with prejudice.[1]

> 4. <u>Defendant Juan Chapa's Motion [38] for Judgment on the Pleadings should be granted as to Plaintiff's claims against him in his official capacity.</u>

Officer Chapa asserts that the Court should also dismiss any claims against him in his official capacity as a Hinds County Deputy because Whitfield has failed to allege a constitutional violation or the existence of any policy, custom, or practice of Hinds County which was the moving force behind such a violation. Def.'s Mem. in Support [39]. Whitfield did not address any of these arguments in his Response. *See* Pl.'s Resp. [42].

Suits brought against officers in their official capacities "generally represent only another way of pleading [an] action against the entity of which an officer is an agent." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978). Courts treat such allegations as a suit against the entity itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A local governmental entity can be held liable under Section 1983 for violating a citizen's constitutional rights, but only if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). "[T]he unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions

---

[1] The Court is of the opinion that a *Schultea* reply would be futile. Although "vindicating the immunity doctrine [ ] ordinarily require[s] such a reply," it is evident to the Court that Whitfield has pled his best case. *See Jacquez*, 801 F.2d at 793 (finding that the individual circumstances of a case may demonstrate that the plaintiff has pled his best case, making a *Schultea* reply futile). Despite a multitude of attempts to amend both before and after the filing of the instant Motion [38], and after filing a Response [42] to the Motion [38], Whitfield has not overcome Officer Chapa's qualified immunity.

16

by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To establish liability against a governmental entity, a plaintiff must demonstrate proof of the existence of (1) a policymaker with final policymaking authority who can be charged with actual or constructive knowledge; (2) an official policy or custom; and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-49 (5th Cir. 2003). "Proof of an official policy or custom can be shown in several ways, including: (1) formally adopted policies; (2) informal customs or practices; (3) a custom or policy of inadequate training, supervision, discipline, screening, or hiring; or (4) a single act by an official with final policymaking authority." *Thomas v. Prevou*, 2008 WL 111293, at *3 (S.D. Miss. 2008).

As the Court has stated, Whitfield has failed to allege a constitutional violation as to Officer Chapa. Moreover, Whitfield has not alleged the existence of any policy or practice of Hinds County, formal or informal, that was the "moving force" behind any constitutional violation. Neither Whitfield's Complaint [1], his Response to the Questionnaire [17], his many Motions [34] [35] [44] [47] [48] [51] to Amend, nor his Response [42] to Officer Chapa's Motion [38] state any facts sufficient to allege the existence of a policy, statement, ordinance, regulation, decision, widespread practice, or custom. Whitfield has also not alleged any facts indicating a failure to train, supervise, or screen, and he has not identified any policymaker. In short, Whitfield has not stated any facts which, even if taken as

17

true, would show that Hinds County had any policy or custom that resulted in any alleged constitutional violation. Whitfield's claims against Officer Chapa in his official capacity should be dismissed with prejudice.

III. CONCLUSION

To the extent the Court has not specifically addressed any of the claims in Whitfield's Motions [34] [35] [44] [47] [48] [51], it has considered them and determined that, even accepting them as true, they would not alter the result.

The Court will grant Officer Chapa's Motion [38] for Judgment on the Pleadings and dismiss Whitfield's claims against Officer Chapa in his individual and official capacities. The Court will deny Whitfield's Motions [34] [35] [47] [48] [51] to Amend without prejudice. Whitfield will be allowed to refile a motion to amend and attach a single proposed amended pleading setting forth all of his claims in one document within thirty (30) days of the date of entry of this Order. Finally, the Court will grant Officer Rice's Motion [45] to Strike Document [44].

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Officer Juan Chapa's Motion [38] for Judgment on the Pleadings is **GRANTED**, and Plaintiff Larry K. Whitfield's individual and official capacity claims against Defendant Officer Juan Chapa are **DISMISSED WITH PREJUDICE**. Plaintiff Larry K. Whitfield's individual and official capacity claims against Defendant Officer D. Rice will proceed.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Larry K. Whitfield's Motions [34] [35] [47] [48] [51] are **DENIED WITHOUT PREJUDICE**.

**Plaintiff Larry K. Whitfield may submit a final motion to amend and attach a proposed amended complaint, which incorporates all of his claims in one pleading, within thirty (30) days of entry of this Order. Plaintiff Larry K. Whitfield is cautioned that he may not assert any additional claims against the dismissed Defendants, the Mississippi Bureau of Narcotics and Defendant Officer Juan Chapa, and that further amendments to his pleadings may not be allowed by the Court.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Officer D. Rice's Motion [45] to Strike Document [44] is **GRANTED**, and Document [44] is **STRICKEN**.

**SO ORDERED AND ADJUDGED**, this the 13th day of February, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE