IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | | |
|---|---|---|
| **LARRY E. WHITFIELD, JR.** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil No. 3:17cv987-HSO-JCG |
| | § | |
| **MISSISSIPPI BUREAU OF NARCOTICS; OFFICER D. RICE,** *Mississippi Bureau of Narcotics*; **AND OFFICER JUAN CHAPA,** *Hinds County Sheriff's Department* | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF LARRY WHITFIELD'S MOTION [59] FOR LEAVE TO AMEND; MOTIONS [66] [67] [73] [83] FOR JOINDER; AND MOTION [64] FOR SUMMARY JUDGMENT

BEFORE THE COURT are Plaintiff Larry E. Whitfield, Jr.'s Motion [59] for Leave to Amend; Motion [64] for Summary Judgment; and Motions [66] [67] [73] [83] for Joinder. This suit arises out of a traffic stop conducted by Defendant Officer D. Rice, following which Plaintiff was charged with possession of drug paraphernalia. Plaintiff Larry E. Whitfield, Jr. alleges that during this traffic stop Defendant Officer D. Rice attacked him, placed him in a chokehold causing him to lose consciousness, and stepped on the back of his neck.

After due consideration of the record, Plaintiff's Motions, and relevant legal

authority, the Court is of the opinion that Plaintiff Whitfield's Motion [59] for Leave to Amend and Motions [66] [67] [73] [83] for Joinder should be denied. Further, Plaintiff's Motion [64] for Summary Judgment should be denied without prejudice.

## I. BACKGROUND

On December 7, 2017, Plaintiff Larry E. Whitfield, Jr. ("Whitfield" or "Plaintiff") filed a pro se Complaint [1] in this Court pursuant to 42 U.S.C. § 1983, naming the Mississippi Bureau of Narcotics ("MBN") as the sole Defendant. Compl. [1] at 1. Without any explanation or setting forth any facts, Whitfield alleged that he was deprived of his right to a trial, endured torture and abuse, and was unjustly imprisoned, including being placed in solitary confinement. *Id*. at 2. The Complaint sought monetary damages for pain and suffering and lost wages. *Id.*

On February 7, 2018, Whitfield filed an Attachment to the Complaint, purporting to add further factual allegations in support of his claims. Attach. [10] to Compl. Whitfield claimed that he was pulled over by the MBN while driving in Jackson, Mississippi, on June 28, 2017, and was arrested, placed in custody "of a Sheriff Law Officer," and transported to the Hinds County Detention Center. *Id*. Whitfield subsequently sought permission to proceed in forma pauperis, at which point the Magistrate Judge required him to answer a Questionnaire. On March 29, 2018, Whitfield answered the Magistrate Judge's Questionnaire and clarified his claims. Pl.'s Resp. [17].

In an Order [26] dated April 27, 2018, the Magistrate Judge construed the arguments, assertions, and legal bases presented in Whitfield's Response [17] to the

Questionnaire as an amendment to his Complaint, Order [26] at 1, and ordered that MBN Officer D. Rice ("Rice") and MBN Officer Unknown be added as Defendants, Order [26] at 1-2. On May 15, 2018, the MBN responded to the Magistrate's Order [26] indicating that it was unable to execute a waiver of service for MBN Officer Unknown because he was not employed by the MBN; however, it identified the Officer Unknown as "Juan Chapa, Hinds County Sheriff's Department." Resp. [29] to Order [26]. The Court then added Officer Juan Chapa as a Defendant.

According to Whitfield's Questionnaire [17], Officer Rice pulled him over after he swerved to miss a pothole. Plaintiff consented to a search of his vehicle, during which Officer Rice discovered drug paraphernalia. Pl.'s Resp. to Questionnaire [17] at 2. Although Plaintiff was not under arrest, Officer Rice allegedly gave Officer Chapa permission to perform a cavity search, but Whitfield refused the Officers' request for consent to search him. *Id.* at 3. Officer Rice then allegedly "attacked him" and put "his hands around his throat." *Id.* Whitfield was placed under arrest, and while he was lying on his stomach, Officer Rice "stepped on the back of [Whitfield's] neck applying pressure." *Id.* Whitfield was booked and charged with possession of drug paraphernalia.

Plaintiff has filed many documents which all appear in some fashion to be an attempt to add claims to the Complaint [1]. First, Plaintiff filed Document [34] to amend his Complaint "as a matter of right," to add a claim for punitive damages. Subsequently, Plaintiff filed numerous other Motions [35] [47] [48] [51]. Additionally, Plaintiff filed Document [44] entitled "Pleadings," which the Clerk

filed as a Rebuttal [44] to Officer Chapa's Motion [38] for Judgment on the Pleadings.  This Court denied these Motions [34] [35] [47] [48] [51] to Amend without prejudice, permitting Plaintiff thirty days "in which to file a motion to amend his Complaint and attach a single proposed amended complaint stating all of his claims in one pleading."  Order [58].

Since the entry of that Order, Plaintiff has again filed several documents which appear to be efforts to add claims to this Complaint.  Plaintiff filed a Motion [59] for Leave to Amend, to which Defendant Officer D. Rice has filed an Opposition [61].  In his Reply [63] to Defendant's Opposition, Plaintiff attempted to add claims and facts to his Complaint.  Plaintiff has tried to further amend his Complaint via his Motions [66] [67] [73] [83] for Joinder and has filed a Motion [64] for Summary Judgment, which Defendant has Opposed [65].

## II.  DISCUSSION

A.  Plaintiff's Motion [59] for Leave to Amend should be denied.

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course within either twenty-one days after serving the pleading or within twenty-one days after service of a responsive pleading or motion.  Fed. R. Civ. P. 15(a)(1). In any other instance, a party may amend its pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). Courts, however, freely give leave to amend a complaint "when justice so requires." *Id.* In exercising its discretion to grant or deny leave to amend, a court may consider whether the party seeking leave is doing so in bad faith, after undue delay,

4

or for a dilatory motive. *See Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). In addition, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Futility means "that the amended complaint would fail to state a claim upon which relief could be granted." *Id*. To determine futility, the court "appl[ies] the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*.

On May 24, 2018, Plaintiff filed a Motion [34] to Amend as a matter of right. Plaintiff then filed numerous other Documents [35] [47] [48] [51] purporting to assert new facts or causes of action or seeking leave of Court to amend. The Court previously denied Plaintiff's motions without prejudice, but permitted him "thirty (30) days from the date of this Order in which to file a motion to amend his Complaint and attach a **single proposed amended complaint stating all of his claims in one pleading**." Order [58] at 7 (emphasis added); *see also* L.U. Civ. R. 7(b)(2) ("A proposed amended pleading must be an exhibit to a motion for leave to file such pleading."). The Court added that:

> Plaintiff is cautioned that he must do more than provide the Court with a list of causes of action, and that his proposed amended complaint must state in one document all facts and causes of action he wishes to assert in this case. Plaintiff is further cautioned that additional amendments may not be permitted by the Court.

*Id*. After receiving this Order from the Court, Plaintiff filed a Motion [59] for Leave to Amend. Plaintiff alleges no new facts in his Motion [59] and again lists only criminal statutes, the Restatement of Torts, and a number of Constitutional

5

Amendments as causes of action. Defendant opposes Plaintiff's Motion [59] on the grounds that it does not conform to the Court's instructions and is futile. *See* Mem. in Opp'n [61]. In response, Plaintiff filed another Document [63] asserting additional causes of action against Defendant, including medical malpractice and copyright infringement.

Plaintiff has failed to follow the Court's instruction by not limiting his claims to a single pleading. Further, Plaintiff has failed to assert claims upon which relief could be granted by raising causes of action via criminal statutes, medical malpractice law, and copyright law, none of which are supported by the facts Plaintiff has alleged in this case. In light of the foregoing, the Court will deny Plaintiff's Motion [59] to Amend, on grounds of futility and on grounds that Plaintiff has failed to cure deficiencies in his pleadings despite multiple attempts to do so.

B.  <u>Plaintiff's Motions [66] [67] [73] [83] for Joinder should be denied.</u>

Federal Rule of Civil Procedure 19 dictates that a person must be added as a party to a suit if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). The Court should consider the interest "of the public in avoiding repeated lawsuits on the same essential subject matter." *Cornell v. GRG Int'l Ltd.*, No. 1:12cv383, 2014 WL 347700, at *4 (S.D. Miss. Jan. 31, 2014) (quoting Fed. R. Civ. P. 19 cmt. (1966)). Deciding whether to allow a joinder under Rule 19 is "a highly practical, fact-based decision." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). A plaintiff moving to join a new defendant must show how the claims against that defendant are related to the

plaintiff's pending case. *See Cook v. OneBeacon America Ins. Co.*, No. 2:13cv305, 2014 WL 6388458, at *4 (S.D. Miss. Nov. 14, 2014) (denying joinder of a new defendant where it was unclear how claims against the proposed defendant were related to the pending case); *Shaunfield v. Bank of America*, 3:12cv3859, 2013 WL 12137736, at *1 (N.D. Tex. Mar. 8, 2013) (denying plaintiff's motion for joinder when the proposed defendant's conduct arose out of separate acts and occurrences).

In his Reply [63] to Defendant's Memorandum [61] in Opposition, Plaintiff appears to invoke Rule 19 to add "Hinds County Raymond Detention Center and Mississippi Bureau of Narcotics[1] as defendants [because] these parties must be present in order to award 'complete relief[.]'" Reply [63] at 6.  Plaintiff then filed a Document [66] titled "Attachment: that adds additional facts to the claims of the complaint," which the Clerk of Court filed as a Motion for Joinder.  In this Motion [66], Plaintiff again invokes Rule 19 in an effort to add Hinds County Justice Court as a defendant to the case.  Similarly, in a subsequent Document [67],[2] Plaintiff included a handwritten note, purporting to add Hinds County Sheriff's Department as a defendant pursuant to Rule 19.  Plaintiff also filed a Motion [73] to add Crystal Springs Police Department as a defendant.  Plaintiff attached as an Exhibit [73-1] to that Motion [73] documents which appear to be from a state court case which he

---

[1] Plaintiff named Mississippi Bureau of Narcotics (MBN) in his original Complaint [1].  This Court dismissed MBN in a May 16, 2019, Order [32].
[2] The Clerk of Court has labeled this document as Plaintiff's Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.  However, Plaintiff's document does not appear to be responding to Defendant's opposition and, instead, lists allegations against the Hinds County Sheriff's Department.

has filed against his former landlord. Most recently, Plaintiff has filed a Motion [83] to join the Crystal Springs Municipal Court and Municipal Judge Jeffery Varas as defendants.

Plaintiff's cursory invocation of Federal Rule of Civil Procedure 19 does not persuade the Court that the joinder rule is applicable to Plaintiff's Motions. While Plaintiff alleges that the Hinds County Detention Center, the Mississippi Bureau of Narcotics, the Hinds County Justice Center, and the Hinds County Sheriff's Department "must be present in order to award 'complete relief,'" he offers no argument to support this claim. Further, it appears that Plaintiff wishes to add the Hinds County Detention Center, the Hinds County Justice Center and the Hinds County Sheriff's Department in order to pursue claims against them for how he was treated after Defendant D. Rice arrested him. Such claims are not relevant to Plaintiff's current §1983 suit against Defendant Rice. *See Cook*, 2014 WL 6388458, at *4 (denying joinder of a new defendant where it was unclear how claims against the proposed defendant were related to the pending case). Additionally, such claims would be futile because, under Mississippi law, the detention center, the justice center and the sheriff's department are not separate legal entities which may be sued. *See Kyles v. Hinds Cty Det. Div. Servs.*, No. 3:19cv440, 2019 WL 4261873, at *1 (S.D. Miss. Sept. 9, 2019). Instead, they are extensions of Hinds County. *Id.*

Plaintiff has also failed to show why the Crystal Springs Police Department, the Crystal Springs Municipal Court, and Judge Varas should be added to this suit. It appears from Plaintiff's Motion [73] and Exhibit [73-1] that he wishes to pursue a

claim against the Crystal Springs Police Department for how it handled a separate dispute Plaintiff had with his landlord. Similarly, Plaintiff's Motion [83] seeks to add the Crystal Springs Municipal Court and Judge Varas in connection with Plaintiff's landlord grievance. These claims arise out of an entirely separate act and occurrence other than the one at issue in this case. *See Shaunfield*, 2013 WL 12137736, at *1 (denying plaintiff's motion for joinder when the proposed defendant's conduct arose out of separate acts and occurrences). Because Plaintiff has failed to show why any of the parties listed in his various Motions [66] [67] [73] [83] for Joinder should be added as defendants to this suit, the Court will deny these Motions.

C. Plaintiff's Motion [64] for Summary Judgment should be denied without prejudice.

Motions for Summary Judgment are governed by Federal Rule of Civil Procedure 56, which states "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "This burden is not satisfied . . . by 'conclusory allegations' [or] by 'unsubstantiated assertions[.]'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment should only be entered "after adequate time for discovery[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Plaintiff filed his Motion [64] for Summary Judgment on May 9, 2019. However, a Case Management Order [75] was not entered in this case until August

9

22, 2019, and discovery is ongoing. Because neither party has had adequate time to complete discovery, Plaintiff's Motion [64] for Summary Judgment should be denied without prejudice as premature. *See Gooden v. Jackson Public Schools*, No. 3:12cv798, 2013 WL 1704016, at *2 (S.D. Miss. Apr. 19, 2013) (denying summary judgment as premature because plaintiff had not had the opportunity to engage in discovery).

III. CONCLUSION

To the extent the Court has not specifically addressed any of the claims or arguments in Plaintiff's Motions [59] [64] [66] [67] [73] [83], it has considered them and determined that, even accepting them as true, they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Larry E. Whitfield, Jr.'s Motion [59] to Amend and Motions [66] [67] [73] [83] for Joinder are **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Larry E. Whitfield, Jr.'s Motion [64] for Summary Judgment is **DENIED WITHOUT PREJUDICE**.

**SO ORDER AND ADJUDGED**, this the 4th day of December, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE