## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LARRY E. WHITFIELD, JR.** | § | **PLAINTIFF** |
| | § | |
| | § | |
| | § | |
| **v.** | § | **Civil No. 3:17cv987-HSO-JCG** |
| | § | |
| | § | |
| **MISSISSIPPI BUREAU OF** | § | |
| **NARCOTICS; OFFICER D. RICE,** | § | |
| *Mississippi Bureau of Narcotics***; AND** | § | |
| **OFFICER JUAN CHAPA,** *Hinds* | § | |
| *County Sheriff's Department* | § | **DEFENDANTS** |
| | § | |

## ORDER GRANTING DEFENDANT OFFICER JUAN CHAPA'S MOTION [77] FOR ENTRY OF JUDGMENT

BEFORE THE COURT is the Motion [77] for Final Judgment filed by

Defendant Juan Chapa.  After due consideration of the record and the relevant legal

authority, the Court is of the opinion that Defendant Juan Chapa's Motion [77] for

Final Judgment should be granted.

On February 13, 2019, the Court granted Defendant Chapa's Motion [38] for

Judgment on the Pleadings and dismissed Plaintiff Larry E. Whitfield, Jr.'s claims

against him.  Order [58].  Defendant filed the instant Motion [77] on September 12,

2019.  Plaintiff has not responded.  *See* L.U. Civ. R. 7(b)(4) (non-moving party must

respond to motion within fourteen days of service).

Under Federal Rule of Civil Procedure 54(b) a court may direct entry of a

final judgment as to fewer than all claims or parties in an action if the court

determines that there is no just reason for delay. In deciding whether to certify a

judgment under Rule 54(b), a court must make two determinations. *Briargrove*

*Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc*, 170 F.3d 536, 540 (5th Cir.

1999). The court must first determine whether its judgment is "an ultimate

disposition of an individual claim entered in the course of a multiple claims action."

*Id.* (internal quotation omitted). Second, it must determine whether any just reason

for delay exists. *Id.*

Here, the Court's judgment dismissing Plaintiff Whitfield's claims against

Defendant Chapa is an ultimate disposition. Further, the Court finds that although

this Final Judgment adjudicates fewer than all of the parties' rights and liabilities,

there is no reason for delay of an entry of a final judgment of dismissal of all

Plaintiff's claims with prejudice against Defendant Chapa. Accordingly, pursuant

to Federal Rule of Civil Procedure 54(b),

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant

Officer Juan Chapa's Motion [77] for Entry of Final Judgment is **GRANTED**, and

Plaintiff Larry E. Whifield, Jr.'s claims against Defendant Juan Chapa are

**DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 4th day of December, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE